UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff

vs.                                                      Case No.

MAACHAL DIB CHAHROUR and
WAYNE COUNTY TREASURER.

    Defendants

## COMPLAINT TO AVOID FRAUDULENT TRANSFER

For its Complaint to Avoid Fraudulent Transfer, the United States of America ("United States" or "Government"), alleges as follows:

1. This is a civil action to set aside transfer of a parcel of residential real property as fraudulent under the Federal Debt Collection Procedures Act (FDCPA), *28 U.S.C. §§ 3301 - 3308*, and to seek judgment against the transferee of the real property to the extent necessary to satisfy the debt of Mohamad Makki ("Makki") to the United States.

2. Federal liens securing payment of restitution are the equivalent of Federal tax liens, and under decisional law and applicable statutes, *18 U.S.C. §§ 3613(c) and (f)*, may be enforced against the interests of an individual debtor, even if the

property was held by the entireties under the state laws of Michigan.

## THE SUBJECT PROPERTY

3. The subject property is in Wayne County, in the State of Michigan, and is legally described as follows:

> Lots 141 through 144, inclusive, also ½ of the adjacent vacant alley to the rear thereof, Conley's Ford Gulley Subdivision, as recorded in liber 55, Page 50, of Plats, Wayne County Records.
>
> Property ID No. 33-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-000
>
> Commonly Known As: 2021 N. Gulley Road, Dearborn Heights, Michigan 48127 ("Gulley Road") or ("the Property").

## JURISDICTION AND VENUE

4. The Court has jurisdiction under *28 U.S.C. § 1345* because the United States is the Plaintiff; under *28 U.S.C. § 1355* because proceedings for collection of restitution are equivalent to proceedings for the collection of fines; and under *28 U.S.C § 1331* because this action arises under Federal law.

5. Venue is proper under *28 U.S.C. § 1395(a)* because the underlying debt to the United States arose from a restitution order issued in this district in *Case No. 15-20362*, and under *28 U.S.C. § 1395(b)(2)*, because the real property at issue is in the Eastern District of Michigan, and the events giving rise to this claim occurred in, the Eastern District of Michigan.

## PARTIES

6. On information and belief, Makki resides at Gulley Road.

7. Defendant Machaal Chahrour ("Chahrour" or "Defendant") is Makki's mother; upon information and belief, Chahrour also resides at Gulley Road.

8. Defendant Wayne County Treasurer is a taxing authority for the county in Michigan where Gulley Road is located, and to which the Defendant may owe real property taxes. The Wayne County Treasurer is named as a defendant to provide notice and an opportunity to be heard.

## GENERAL ALLEGATIONS

9. On March 28, 2019, an Indictment (*ECF No. 1*) was issued in *United States of America vs. Wansa Nabih Makki et. al.* Case No. 19-cr-20176 (E.D. Mich.), in relevant part charging Makki with ten counts of Health Care Fraud, Aiding and Abetting, in violation of *18 U.S.C. §§ 1347* and *2*. The events giving rise to the Indictment occurred between April 15, 2014 and April 29, 2019.

10. On April 23, 2019, a Superseding Indictment was filed in Case No 19-cr-20176 charging Makki with Health Care Fraud Conspiracy in violation of 18 U.S.C. § 1349. *ECF No. 23*. The events giving rise to this charge occurred between April 15, 2014 and April 29, 2015.

11. On May 14, 2019, a Second Superseding Indictment was filed in Case No. 19-cr-20176 charging Makki with additional Health Care Fraud, Aiding and Abetting, in violation of *18 U.S.C. §§ 1347* and *2. ECF No. 48*.

12. On May 16, 2019, Makki was arraigned, and entered a plea of not guilty to the charges set forth in the Second Superseding Indictment. *See Undocketed Event Following Docket No. 50.*

13. On June 10, 2019, Makki executed a deed transferring Gulley Road to Chahrour ("the Transfer"). The deed was recorded on June 11, 2019 at the Wayne County Register of Deeds. *Exhibit A-Gulley Road Deed.*

14. The Transfer deed does not indicate the amount of consideration, but it cites *MCL § 205.505(a)* and *MCL § 207.526(a)* as a basis for a transfer tax exemption. Both statutes apply in circumstances where a transfer is for less than $100.00. *Exhibit B-Transfer Tax Statutes.*

15. On information and belief, it appears that Chahrour is the title owner of Gulley Road, and owns it free and clear beyond potential property tax liability.

16. On September 3, 2019, Makki entered into a Rule 11 Plea Agreement (the "Plea Agreement"). *See Exhibit C-Plea Agreement.* He pleaded guilty to Count 1 of the Indictment, which charged conspiracy to commit health care fraud in violation of *18 U.S.C. § 1349. Id. at PageID. 400-401.*

17. Pursuant to the Plea Agreement, Makki acknowledged that restitution would be ordered in the total amount of $9,847,037.82. *Id.*, at PageId. 405.

18. Makki's sentencing was held on January 13, 2022. *ECF No. 221*.

19. On information and belief, Makki submitted financial disclosures to probation which indicated he had a negative monthly cashflow.

20. On information and belief, on June 10, 2019, Makki's monthly expenses outweighed his income.

21. On information and belief, on June 10, 2019, Makki's debts outweighed his assets.

22. On information and belief, Makki was interviewed by his Probation Officer, and acknowledged that he had "gifted" the Property to Chahrour. He later raised no objection to this characterization in his Presentence Report.

23. A Judgment was entered on January 19, 2022, whereby Makki was sentenced to 77 months imprisonment (*Exhibit D-Judgment* at PageID. 1685) and was ordered to pay restitution in the amount of 9,847,297.72. *Id.* at PageID. 1689.

24. Upon information and belief, the Property has an assessed value of $193,600, but the market value could be considerably more.

## COUNT I-AVOIDANCE OF FRAUDULENT TRANSFER UNDER 28 U.S.C. § 3304(b)(1)(A)

25. The allegations of paragraphs one (1) through (24) are incorporated by

reference.

26. As stated above, Chahrour is Makki's mother.

27. Chahrour is an insider to Makki under *28 U.S.C. § 3304(b)(2)(A)*.

28. Makki resided in Gulley Road after the Transfer and continued to live there until his incarceration.

29. Makki retained possession or control of Gulley Road after the Transfer pursuant to *§ 3304(b)(2)(B)*.

30. As stated above, Makki disclosed that he had gifted the Property to Chahrour.

31. Makki disclosed the Transfer pursuant to *§ 3304(b)(2)(C)*.

32. Makki made the Transfer after he had been indicted and arraigned.

33. Makki had been sued prior to the Transfer pursuant to *§ 3304(b)(2)(D)*.

34. Makki gifted the Property to Chahrour and received nothing in exchange.

35. Makki did not receive consideration of reasonably equivalent value in exchange for the Transfer pursuant to *§ 3304(b)(2)(H)*.

36. Makki made the Transfer at a time when his liabilities significantly outweighed his assets.

37. Makki caused his liabilities to further outweigh his assets by making the Transfer.

38. Makki made the Transfer at a time when his monthly expenses significantly

outweighed his monthly income.

39. Makki was insolvent on the date of the Transfer, and the Transfer rendered him further insolvent, pursuant to *§ 3304(b)(2)(I)*.

40. Makki made the Transfer at a time when he was facing indictment that would eventually result in his owing restitution of $9,847,037.82. He acknowledged this debt less than three months after the Transfer in the Plea Agreement.

41. Makki made the Transfer shortly before a substantial debt was to be incurred under *§ 3304(b)(2)(J)*.

42. The Transfer was a transparent attempt by Makki to fraudulently put assets in the name of a family member, and outside the reach of the United States, all while retaining control of the Property.

43. Makki made the Transfer with actual intent to hinder, delay, or defraud the United States pursuant to *28 U.S.C. § 3304(b)(1)(A)*.

### COUNT II-AVOIDANCE OF FRAUDULENT TRANSFER UNDER 28 U.S.C. 3304(b)(1)(B).

44. The allegations of paragraphs one (1) through (43) are incorporated by reference.

45. Makki made the Transfer without receiving reasonably equivalent value in exchange pursuant to *28 U.S.C. § 3304(b)(1)(B)*.

46. Prior to the Transfer, Makki was facing an indictment that would result in a

restitution judgment of $9,847,037.82.

47. At the time of the Transfer, Makki was aware he would be facing significant criminal restitution which he would be unable to pay.

48. In making the Transfer, Makki believed, or reasonably should have believed, that he would incur debts beyond his ability to pay as they became due under *§ 3304(b)(1)(B)(ii)*.

49. The Transfer is a voidable fraudulent transfer under *§ 3303(b)(1)(B)*.

## PRAYER FOR RELIEF

**WHEREFORE**, the United States requests this court to grant judgment in favor of the United States, and order that:

1. The Transfer be adjudged as fraudulent and void in its entirety or to the extent necessary to satisfy Makki's debt to the United States, as described in paragraph (23) above;

2. Judgment be entered against Chahrour for the value of the asset transferred, including any appreciation thereon, in its entirety or to the extent necessary to satisfy Makki's debt to the United States;

3. If necessary, Gulley Road be seized and sold pursuant to *28 U.S.C. §§ 2001, 2002*, and/or *3203*, by any commercially reasonable means, with the proceeds

of sale paid to the United States to the extent necessary to satisfy Makki's debt to the United States;

4. Plaintiff be awarded its costs, fees, and disbursements; and

5. Order such other and further relief as may be just and appropriate, including whatever relief is necessary to preserve the value of Gulley Road to ensure that Makki is able to satisfy his debt to the United States.

Respectfully submitted,

DAWN N. ISON
United States Attorney

By: */s/Peter F. Schneider*
Peter F. Schneider
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9100
E-mail: peter.schneider@usdoj.gov
MI Bar Number: P75256